UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEGAN C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-5174-MLP <br><br> ORDER |

## I.  INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating the medical evidence, Plaintiff's testimony, and lay witness statements, resulting in an inaccurate assessment of her residual functional capacity ("RFC") and an erroneous determination of medical improvement. (Dkt. # 11.) As relief, Plaintiff argues the Court should remand the case for calculation of an award of benefits. (*Id.* at 10.)

The Commissioner concedes the ALJ erred but argues that remand for further proceedings is the proper remedy. (Dkt. # 13.) The Court agrees. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1975, has a high school education, and previously worked as a legal secretary and legal assistant. AR at 1572. Plaintiff was unemployed from January 2014 through June 2022. *Id.* at 1562.

In February 2015, Plaintiff applied for benefits, alleging disability as of January 2014, which was later amended to June 2015. AR at 176-84. Her applications were denied initially and on reconsideration, and she requested a hearing. *Id.* at 76-108, 126. After conducting a hearing in April 2017, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-41. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-6. Plaintiff appealed the Commissioner's final decision to this Court.

In August 2019, this Court reversed the ALJ's decision and remanded the case for further proceedings.[1] AR at 1061-73. After conducting a hearing in May 2020, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 930-65. Plaintiff appealed, and in February 2022, this Court reversed the ALJ's decision and remanded the matter for further proceedings. *Id.* at 1664-84. After a hearing in September 2023, the ALJ issued a decision finding Plaintiff disabled between January 2014 and June 2022 and not disabled beginning July 2022. *Id.* at 1555-85.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, medical improvement occurred, Plaintiff returned to full-time work with few limitations, and that no evidence showed her disability persisted through July 2022. AR at 1573.

---

[1] On remand, the Appeals Council ordered Plaintiff's subsequent October 2018 application be consolidated with her pending claim. AR at 1060-93.

[2] 20 C.F.R. § 404.1520.

ORDER - 2

Plaintiff appealed the unfavorable portion of the Commissioner's final decision to this Court.[3] (Dkt. # 5.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

---

[3] The Parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

IV.     DISCUSSION

A.     **Proper Remedy is Remand for Further Proceedings**

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits: (1) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be fully developed, leaving no useful purpose for further administrative proceedings; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these conditions are met, the Court has the discretion to remand for further proceedings where the record as a whole creates serious doubts about a claimant's disability status. *Id.* Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin* 775 F3d 1090, 1100 (9th Cir. 2014).

Here, the ALJ found Plaintiff not disabled because she experienced medical improvement, returned to work for Uber and DoorDash in July 2022, and earned more than the substantial gainful activity threshold in 2022. AR at 1573 (citing *id.* at 1760-63). Plaintiff challenges this, arguing that there is no evidence that her work met the criteria for substantial gainful activity or that her disability ceased. (Dkt. # 13 at 5.) To this point, Plaintiff spends several pages claiming that the ALJ failed to cite evidence supporting his conclusions and that a reasonable ALJ could have reached a different outcome. (*Id.* at 5-10.) Plaintiff's conclusory assertion—that the ALJ's error necessitates a finding of disability—does not constitute a reasoned argument and the Court declines to "manufacture arguments where none is presented." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). The fact that "the ALJ

ORDER - 4

*could* have come to a different conclusion" does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original).

"The touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). Plaintiff's vague reference to her testimony and earnings are insufficient to meet her burden of producing evidence that supports her claims. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001) (as amended). Although she asserts that her net earnings were "far below" the threshold amount and that her testimony establishes disability (dkt. # 11 at 5-6), she has not provided evidence conclusively requiring a finding of disability. *See Trevizo v. Berryhill*, 871 F.3d 664, 677 (9th Cir. 2017). It thus remains unclear whether Plaintiff's limitations precluded her from employment beginning July 2022.

This Court's role is not to evaluate the underlying evidence and determine whether Plaintiff's earning met the threshold or if she experienced medical improvement. To the contrary, as the Commissioner correctly points out (dkt. # 13 at 9), resolving those kinds of evidentiary conflicts is within the ALJ's purview. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008) ("the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (emphasizing that resolving conflicts in testimony is a function solely for the agency); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) ("we are not triers of fact"). Where conflicting evidence and essential factual issues remain unresolved, remanding for an award of benefits is inappropriate. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015); *Treichler*, 775 F.3d at 1106–07.

Consequently, further proceedings are necessary to properly develop the record and resolve two key issues: (1) whether Plaintiff experienced medical improvement beginning in July

2022; and (2) whether Plaintiff's countable income meets the threshold for substantial gainful activity.

## V.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand—limited to the time period beginning July 1, 2022—the ALJ shall further develop the record, reevaluate Plaintiff's work activity and the medical evidence, offer Plaintiff a new hearing, reevaluate Plaintiff's medical improvement and RFC in light of the updated record, and proceed to the remaining steps of the disability determination process as appropriate.

Dated this 12th day of August, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge